UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRELL D. BROWN,
    Plaintiff,

v.                                                                   Case No. 09-14420
                                                                 Honorable Patrick J. Duggan

RBS CITIZENS, N.A., f/k/a CITIZENS
BANK, N.A., successor by merger to
CCO MORTGAGE CORP., f/k/a CHARTER
ONE MORTGAGE CORP., FEDERAL
NATIONAL MORTGAGE ASSOCIATION, and
TROTT & TROTT, P.C.,
    Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 20, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On November 12, 2009, Plaintiff Derrell D. Brown ("Plaintiff") initiated this pro se action against Defendants following foreclosure proceedings related to real property located at 9676 Fenton Road, Redford, Michigan ("Property"). Plaintiff asserts four claims against Defendants in his Complaint: (1) "UCC violations"; (2) "RICO violations"; (3) "Title 12 bank violations"; and (4) "Fair Debt Collections Practices Act violations" Presently before the Court is Defendants' motion to dismiss and for summary judgment, filed pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(6), and 56(c) on March 9, 2010. Plaintiff filed a response to the motion on March 30, 2010. The Court issued a notice to the parties on April 19, 2010, informing them that it is dispensing with oral argument with respect to Defendants' motion pursuant to Eastern District of

Michigan Local Rule 7.1(f).

## Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, – U.S. – , 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court most recently provided, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts "to raise a reasonable expectation that discovery will reveal

evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-65).

A motion to dismiss pursuant to Rule 9(b) applies to a plaintiff's claim(s) for fraud or mistake. Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy the requirements of Rule 9(b), the Sixth Circuit "requir[es] a plaintiff, at a minimum, 'to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Coffey v. Foamex LP*, 2 F.3d 157, 161-162 (6th Cir. 1993) (quoting *Ballan v. Upjohn Co.*, 814 F. Supp. 1375, 1395 (W.D. Mich. 1992)). Reviewing the allegations in the plaintiff's complaint, the court must determine whether the plaintiff sufficiently alleges each particularity requirement with regard to each element of his or her fraud or mistake claim(s).

Finally, summary judgment pursuant to Federal Rule of Civil Procedure 56(c) is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant

3

is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

**Factual and Procedural Background**

In his Complaint, Plaintiff alleges that he entered into "an unconscionable contract" with Charter One Mortgage Corporation ("Charter One") on December 2, 2004. Apparently Plaintiff is referring to a mortgage that he executed and delivered to Charter One on that date as security for a promissory note in the amount of $114,550. (Doc. 18 at Ex. A.) Plaintiff further alleges that a non-judicial foreclosure sheriff sale was held on April 29, 2009. The sheriff's sale occurred after Plaintiff defaulted on his mortgage and CCO Mortgage Corporation (which had acquired Charter One) initiated foreclosure proceedings. (*Id*. at Exs. B. and I.)

RBS Citizens was the highest bidder at the sheriff's sale. (*Id*. Ex. B.) RBS Citizens subsequently conveyed the property to Federal National Mortgage Association ("FNMA") on May 1, 2009. (*Id*. Ex. C.) On January 27, 2010, a district court in Michigan entered a judgment of possession in favor of FNMA.

4

In the meantime, on November 11, 2009, Plaintiff filed his Complaint against Defendants. In a section of the Complaint titled "general allegations," Plaintiff alleges that "defendant" can not prove the existence of the note, that the sheriff's deed and default judgment were rendered by a court which lacked jurisdiction, and that "defendant is servicer to a void contract." (Compl. ¶¶ 8-10.) As set forth previously, Plaintiff asserts four claims in his Complaint: (1) UCC violations, (2) RICO violations, (3) Title 12 Bank violations; and (4) Fair Debt Collections Practices Act ("FDCPA") violations.

**Analysis**

With respect to his claims alleging UCC, RICO, and bank violations, Plaintiff's Complaint fails to satisfy the pleading requirements of Federal Rules of Civil Procedure 12(b)(6). Except as set forth in the preceding section, the Court is unable to discern what Plaintiff is alleging in his Complaint. The facts that are clear do not support a finding that any Defendant violated any of the claims asserted. Additionally, in his "Title 12 Bank violation" claim, Plaintiff refers to "fraud" and alleges that "RBS/Charter One Bank made material misrepresentations of facts to Defendant Federal National Mortgage Association. (Compl. ¶¶ 22-23, 25-26.) Plaintiff has not satisfied Rule 9(b)'s requirements for pleading a claim of fraud. *See supra*.

With respect to his FDCPA claim, Plaintiff claims that Trott & Trott violated the act "by failing to cease and desist collection activities as a third party debt collector, . . ." (Compl. ¶ 33.) The FDCPA requires a debt collector to cease most communications with a consumer who notifies the debt collector in writing of his or her wish that

5

communications cease.  15 U.S.C. § 1692c(c).  The statute, however, does not require the debt collector to stop collecting the debt.  *Lewis v. ACB Bus. Services*, 135 F.3d 389, 395 n.2 (6th Cir. 1998) (citing 15 U.S.C. § 1692c(c)(1)-(3)).  Notably, Plaintiff did not send a writing to Trott & Trott asking it to cease and desist further communications with him.  To the contrary, he wrote Trott & Trott demanding that the firm send him further information.  (Doc. 18 Exs. E-G.).

## Conclusion

For the above reasons, this Court concludes that Plaintiff fails to state a claim upon which relief can be granted in his Complaint.

Accordingly,

**IT IS ORDERED**, that Defendants' motion to dismiss and for summary judgment is **GRANTED**.

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Derrell D. Brown
9676 Fenton
Detroit, MI 48230
Steven A. Jacobs, Esq.